DAVE HAYWOOD, Respondent, v. RUBEL CORPORATION, Appellant.— Action to recover damages for personal injuries sustained by plaintiff when he slipped on a piece of ice which was on the sidewalk in front of the premises where defendant maintained and operated an ice plant. Judgment for plaintiff affirmed, with costs. No opinion. Lazansky, P. J., Hagarty, Johnston and Adel, JJ., concur; Close, J., dissents on the ground that the verdict is against the weight of the evidence.

In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossings at Grade of the Railroad Operated by the Long Island Railroad Company and St. Pauls Road, Cathedral Avenue, Hilton Avenue, Atlantic Avenue, Columbia Street and Jackson Street, in the Village of Hempstead and Franklin Avenue, Main Street, Second Street and Meadow Street in the Village of Garden City, Nassau County. As supplemented by the Grade Crossing Elimination Act of Nineteen Hundred and Thirty-Nine. (Case 8141.) INCORPORATED VILLAGE OF HEMPSTEAD, Appellant; THE PUBLIC SERVICE COMMISSION and LONG ISLAND RAILROAD COMPANY, Respondents.— Order of the Public Service Commission of the State of New York, dated March 20, 1940, unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

In the Matter of the Re-Probate of the Last Will and Testament of LANNING G. MARSHALL, Deceased. ROSE KHOURIE, as Proponent and Executrix, etc., of LANNING G. MARSHALL, Deceased, Appellant; ALFRED B. MORRELL, EARLE RAYMOND MORRELL and MELVILLE MORRELL, Respondents. (Appeal No. 1.) — In a proceeding to re-probate a will, resettled order of the Surrogate's Court, Rockland County, granting the motion of respondents to open their default and permit the filing of objections to the probate of the will reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There is no adequate showing in the record that the objections are of sufficient merit to justify the opening of the default, and the order appealed from was, under the circumstances, an improper exercise of discretion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Re-Probate of the Last Will and Testament of LANNING G. MARSHALL, Deceased. ROSE KHOURIE, as Proponent and Executrix, etc., of LANNING G. MARSHALL, Deceased, Appellant; ALFRED B. MORRELL, EARLE RAYMOND MORRELL and MELVILLE MORRELL, Respondents. (Appeal No. 2.) — Order of the Surrogate's Court, Rockland County, granting respondents' motion to examine appellant before trial, reversed on the law, without costs, and motion denied, without costs. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Application of ROSE STARK PERRY, as Administratrix, etc., of CARL STARK, Also Known as KARL STARK, Deceased, for an Order Compelling the Discovery and Delivery of Property of the Deceased. ROSE STARK PERRY, as Administratrix, etc., of CARL STARK, etc., Deceased, Appellant; STEPHANIE REINHARDT, Respondent.— Decree of the Surrogate's Court of Queens County, dismissing the claim of the appellant Rose Stark Perry, as administratrix, etc., to a certain bank book in the possession of the respondent Stephanie Reinhardt, and awarding title to such book to said respondent as a valid gift made by the decedent during his lifetime, unanimously affirmed, with costs to the respondent,